UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOVANI SANCHEZ GOMEZ, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　-against-<br><br>BKUK CORPORATION, BESIM KUKAJ, LUAN KUKAJ, and ADRIAN LAZO,<br><br>　　　　　　　　　Defendants. | **COMPLAINT**<br><br>**ECF CASE**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Yovani Sanchez Gomez ("Sanchez," or "plaintiff"), by his attorneys Braverman Law PC, complaining of defendants Bkuk Corporation, a New York corporation ("Bkuk Corp."), Besim Kukaj ("Besim Kukaj"), Luan Kukaj ("Luan Kukaj"), and Adrian Lazo ("Lazo") (collectively referred to as "defendants"), alleges:

## NATURE OF THE ACTION

1.　　This action is brought to recover unpaid overtime wages and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and section 190 *et seq.* of the New York Labor Law ("NYLL"), on behalf of plaintiff and other restaurant kitchen staff who worked for defendants.

2.　　Defendants systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid overtime wages, liquidated damages, compensatory

damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff Sanchez's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at the restaurant operated by defendant Bkuk Corp. a/k/a "Cara Mia" that is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

5. Plaintiff Sanchez resides in Queens New York.

6. Defendants employed Sanchez as a kitchen employee from approximately July 1, 2015, through approximately March 24, 2017, when he quit.

**Defendants**

7. Defendant Bkuk Corp. is a New York corporation that owns, operates, and does business as "Cara Mia," a restaurant located at 654 9th Avenue, New York, NY 10036. Cara Mia serves Italian-based food and wine.

8. Defendant Bkuk Corp. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Upon information and belief, Bkuk Corp. has annual gross volume of sales in excess of $500,000.

10. Bkuk Corp. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. Defendant Besim Kukaj is a person engaged in business in the City of New York, County of New York, who, upon information and belief, is an owner of Bkuk Corp. and/or manager of Cara Mia.

12. Throughout Sanchez's employment, upon information and belief, Besim Kukaj hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Cara Mia. Besim Kukaj has exercised sufficient control over Cara Mia's operations to be considered plaintiff's employer under the FLSA and NYLL.

13. Defendant Luan Kukaj is a person engaged in business in the City of New York, County of New York, who, upon information and belief, is an owner of Bkuk Corp. and/or manager of Cara Mia.

14. Throughout Sanchez's employment, upon information and belief, Luan

Kukaj hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Cara Mia. Luan Kukaj has exercised sufficient control over Cara Mia's operations to be considered plaintiff's employer under the FLSA and NYLL.

15. Defendant Lazo is a person engaged in business in the City of New York, County of New York, who, upon information and belief, is the executive chef of Cara Mia.

16. Throughout Sanchez's employment, Adrian Lazo hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Cara Mia. Adrian Lazo has exercised sufficient control over Cara Mia's operations to be considered plaintiff's employer under the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

17. The claims in this Complaint arising out of the FLSA are brought by Sanchez on behalf of himself and similarly situated persons (i.e., dishwashers and food preparers) who are current and former employees of defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "Kitchen Staff").

18. The Kitchen Staff consist of approximately 4 employees who have been

4

victims of defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum wages and tips that they earned.

19. The Kitchen Staff consist of employees who, during their employment with defendants, worked as dish washers and food prepares (e.g., making pastas, and preparing salads), and were not exempt from the overtime provisions of the FLSA.

20. As part of their regular business practices, defendants have intentionally, willfully, and repeatedly harmed the Kitchen Staff by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice consists of failing to pay the Kitchen Staff overtime for all hours worked.

21. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

22. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the Kitchen Staff.

23. The Kitchen Staff would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the defendants, are readily identifiable, and locatable through Cara Mia's records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS

Plaintiff's hours worked

24. Sanchez worked as a dishwasher for the defendants for most of his employment, except for a period of two months spanning December 2016 and January 2017 when he worked as a salad preparer.

25. As a dishwasher, Sanchez would work six days a week, from approximately 4:00 p.m. to approximately 12:00 a.m., with customary variations in the start and end times.

26. His day off was Thursday.

27. As a dishwasher, Sanchez worked approximately 48 hours a week.

28. For a two-month period in December 2016 and January 2017, Sanchez changed duties in order to work as a salad preparer.

29. Sanchez also worked six days a week, taking off Fridays.

30. In this position, Sanchez's schedule varied more during the week. On certain days he would work the afternoon shift from 4:00 p.m. to 11:30 p.m. or 12:00 a.m.

31. On other days, he worked from approximately 12:00 p.m. to 9 p.m.

32. On Sundays, upon information and belief, his schedule was from approximately 1:00 p.m. to 11:30 p.m. or 12:00 a.m.

33. As a salad preparer, Sanchez worked in a range of approximately 48 to 52 hours a week.

34. Upon information and belief, in an improper scheme to create false time records, Sanchez's employers made him clock out (or would not allow him to punch in) even though he was still working, such that the time records would demonstrate that he only worked forty hours a week.

**Payment received by Plaintiff; Notices**

35. As a dishwasher, Sanchez was ordinarily paid a salary of $420 per week.

36. During his stretch as a salad preparer, he was paid a salary of $500 per week.

37. Occasionally, Sanchez was also paid extra amounts (e.g., $30) when he worked extra hours above his usual work schedule referenced above.

38. The defendants did not pay plaintiff at the overtime rate of one and one-half (1.5) times the regular hourly rate for all hours worked in excess of forty hours per week.

39. Cara Mia did not provide legally compliant paystubs to Sanchez.

40. Cara Mia did not provide Sanchez with notices informing him of, *inter alia*, his rate of pay at the time of hiring.

### FIRST CLAIM
(Fair Labor Standards Act — Unpaid Overtime)
((Brought on behalf of Plaintiff and the Kitchen Staff))

41. Sanchez repeats and realleges all forgoing paragraphs as if set forth herein.

7

42. Defendants were required to pay Sanchez and the Kitchen Staff one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*

43. Defendants failed to pay Sanchez and the Kitchen Staff the overtime wages to which they were entitled under the FLSA.

44. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Sanchez and the Kitchen Staff overtime wages.

45. Due to defendants' violations of the FLSA, Sanchez and the Kitchen Staff are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
(New York Labor Law — Unpaid Overtime)
(Brought on behalf of Plaintiff, Individually)

46. Sanchez repeats and realleges all forgoing paragraphs as if set forth herein.

47. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay Sanchez one and one half (1.5) times the regular rate of pay for all hours that he worked in excess of forty in a workweek.

48. Defendants failed to pay Sanchez the overtime wages to which he was entitled under the NYLL.

49. Defendants willfully violated the NYLL by knowingly and intentionally

8

failing to pay Sanchez overtime wages.

50. Due to defendants' willful violations of the NYLL, Sanchez is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### FIFTH CLAIM
(New York Labor Law — Spread-of-Hours Pay)
(Brought on behalf of Plaintiff, Individually)

51. Sanchez repeats and realleges all forgoing paragraphs as if set forth herein.

52. Defendants willfully failed to pay Sanchez additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked more than ten hours.

53. By defendants' failure to pay Sanchez spread-of-hours pay, defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

54. Due to defendants' willful violations of the NYLL, Sanchez is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

### THIRD CLAIM
(New York Labor Law — Wage Theft Prevention Act)
(Brought on behalf of Plaintiff, Individually)

55. Sanchez repeats and realleges all forgoing paragraphs as if set forth herein.

56. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

57. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

58. Throughout Sanchez's employment with defendants, defendants paid him without providing a wage statement accurately listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

59. In violation of NYLL § 191, defendants failed to furnish to Sanchez at the time of hiring, whenever there was a change to his rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage,

including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

60. Defendants failed to furnish Sanchez with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

61. Due to defendants' violation of NYLL § 195(1), Sanchez is entitled to recover from defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000 (per employee), reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

62. Due to defendants' violation of NYLL § 195(3), Sanchez is entitled to recover from defendants liquidated damages of $250 per workweek that the violation

occurred, up to a maximum of $5,000 (per employee), reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

- a. authorizing the issuance of notice at the earliest possible time to all Kitchen Staff who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

- b. declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

- c. declaring that defendants violated the notice provisions of the NYLL and WTPA;

- d. declaring that defendants' violations of the FLSA and NYLL were willful;

- e. enjoining future violations of the FLSA and NYLL by defendants;

- f. awarding plaintiff damages for unpaid overtime wages;

- g. awarding the Kitchen Staff damages for unpaid overtime wages;

- h. awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

- i. awarding plaintiff liquidated damages as a result of defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

- j. awarding plaintiff pre- and post-judgment interest under the NYLL;

- k. awarding plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l.  awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 20, 2017

                          BRAVERMAN LAW PC

                          By: _____
                          Adam Braverman
                          450 Seventh Avenue, Suite 1308
                          New York, New York 10123
                          (212) 206-8166
                          adam@bravermanlawfirm.com

                          *Attorneys for plaintiff and the FLSA collective*