USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

YOVANI SANCHEZ GOMEZ,

                Plaintiff,

  -against-

BKUK CORP., et al.,

                Defendants.

-----------------------------------X

17 Civ. 4652 (HBP)

OPINION
AND ORDER

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve their settlement. I held a lengthy settlement conference in this matter on March 26, 2018 that was attended by the parties and their counsel. After a settlement was reached during this conference, all material terms of the settlement were placed on the record in open court. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c) and the parties requested an order on the approval of the settlement without written submissions.

        Plaintiff alleges that he was employed as a kitchen worker from June of 2015 until March 24, 2017 at Cara Mia restaurant that was owned and operated by defendants. Plaintiff further alleges that he worked approximately 48 to 52 hours per week and was paid between $420 and $550 per week for all hours

worked. Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"), and seeks to recover unpaid overtime premium pay. Plaintiff also asserts claims based on the defendants' alleged failure to provide certain wage notices and statements as required by the NYLL. According to plaintiff's damages calculations, plaintiff estimates he could potentially collect $36,000 in total damages, minus attorneys' fees and costs.[1]

Defendants contend that plaintiff never worked more than 40 hours per week during his employment and that he was consistently paid more than the minimum wage. Defendants provided several time cards and copies of paychecks that support this claim. Defendants also contend that plaintiff was provided with required wage statements and notifications. In response, plaintiff maintains that defendants' time records were inaccurate and did not show all hours he actually worked.

I presided over the settlement conference between the parties and their counsel. After a protracted discussion of the strengths and weaknesses of the parties' respective positions,

---

[1] This includes plaintiff's approximation of $13,000 in unpaid wages, $13,000 in liquidated damages and $10,000 in statutory penalties.

the parties agreed to resolve the dispute for a total settlement of $19,000 to be paid in three increments -- $6,333 on June 1, 2018, $6,333 on July 1, 2018 and $6,333 on August 1, 2018. The parties also agree that defendants will furnish plaintiff with a confession of judgment that will provide that if defendants, after notice, fail to cure any default in making the installment payments within 15 business days, plaintiff may enter judgment in the amount of $10,000 plus the unpaid balance of the settlement amount.

> Court approval of an FLSA settlement is appropriate
>
> > "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F.

3

Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement -- $12,216.94 after attorneys' fees and costs -- represents approximately 34% of his total alleged damages. This percentage is reasonable. See Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer,

4

D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. This matter was settled prior to the start of formal discovery, which would have led to protracted and costly litigation, likely involving depositions and further document production. The settlement avoids this burden.

Third, the settlement will enable plaintiff to avoid the risk of litigation. The main factual dispute in this case is whether the defendants' time cards documenting plaintiff's hours -- which were signed by plaintiff -- are accurate. The only evidence plaintiff has to rebut this documentation is his own self-serving testimony, which the jury may or may not credit. Given the fact that plaintiff bears the burden of proof and this documentary evidence exists, it is uncertain whether, or how much, plaintiff would recover at trial.

Fourth, because I presided over the settlement conference that immediately preceded plaintiff's acceptance of the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The material terms of the settlement were

5

reached at the settlement conference after a lengthy negotiation.

The plaintiff also agrees to a release of defendants limited to wage-and-hour claims. I find this release permissible because it is narrowly tailored to wage-and-hour issues. See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3 (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release that is "narrowly-tailored to plaintiffs' wage-and-hour claims" permissible); see also Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.)

Finally, the settlement agreement provides that $674.60 will be paid to plaintiff's counsel for out-of-pocket costs and $6,108.46 -- 33.3% of the net settlement fund after the subtraction of costs -- will be paid to plaintiff's counsel as contingency fees. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3

(S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the

action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
April 3, 2018

SO ORDERED

*[signature]*
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel