# **Exhibit 1**

Settlement Agreement

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (this "Agreement") is entered into as of May 30, 2018, to be effective upon the Effective Date (defined below), by and among Plaintiff Yovani Sanchez Gomez ("Plaintiff" or "Sanchez"), Bkuk Corporation ("Bkuk"), Besim Kukaj ("Besim"), Luan Kukaj ("Luan") and Adrian Lazo ("Lazo" and, together with Bkuk, Besim, and Luan, the "Defendants"). Sanchez, Bkuk, Besim, Luan and Lazo and shall each be referred to herein individually as a "Party" and collectively as the "Parties."

WHEREAS, Sanchez commenced an action (*Gomez v. Bkuk Corporation, et al.*, 17 Civ. 04652 (HBP) (the "Federal Action") against the Defendants; and

WHEREAS, the Parties mutually desire to avoid further litigation and to enter into this Agreement to settle all disputes between them amicably in accordance with the terms and conditions of this Agreement;

NOW, THEREFORE, in consideration for the covenants and obligations provided for herein, the sufficiency of which the Parties hereby acknowledge, the Parties hereby agree as follows:

1.     Effective Date. The "Effective Date" of this Agreement shall be April 3, 2018, date that the Court granted the Parties' application to accept this Agreement and docketed that decision on the Court's ECF system.

2.     No Admission of Liability. Plaintiff and Defendants recognize and agree that Defendants, as a part of this Agreement between the Parties, do not admit any violation of law or any liability to Plaintiff or to anyone else as a result of or arising out of the matters set forth in the Federal Action, or which could have been raised in such suit, Plaintiff's employment relationship with Defendants, Plaintiff's separation of employment with Defendants, and / or

otherwise.

3.  <u>Dismissal of Federal Action</u>. For and in consideration of the promises outlined in Paragraph 4, Plaintiff acknowledges that Federal Action has been dismissed with prejudice as of the Effective Date, and agrees not to re-file these causes of action arising from matters that were encompassed or raised in the Federal Action.

4.  <u>Consideration</u>. Upon full execution of this Agreement, Defendants agree to pay Defendants the total sum of Nineteen Thousand Dollars ($19,000.00) (the "<u>Settlement Payment</u>") in installments by delivering to Braverman Law PC one check payable to Sanchez and one check payable to Braverman Law PC for the amounts and by each date set forth below.

| **Payment Due Date** | **Installment Amount** | **Payment to Sanchez** | **Payment to Braverman Law PC** |
|---|---|---|---|
| June 1, 2018 | $6,333.00 | $3,782.00 | $2,551.00 |
| July 1, 2018 | $6,333.00 | $4,222.00 | $2,111.00 |
| August, 2018 | $6,334.00 | $4,223.00 | $2,111.00 |
| **Total** | **$19,000.00** | **$12,227.00** | **$6,773.00** |

Defendants shall issue separate IRS Forms 1099 to Sanchez, and Braverman Law for their respective payments.

5.  <u>Confession of Judgment; Default</u>.

A.  Each Defendant, on behalf of himself and on behalf of the Bkuk, agrees to execute a Confession of Judgment, in the form annexed hereto as <u>Exhibit A</u>, admitting that in the event that Defendants default on their payment obligations under this Agreement, and fail to cure such default within the cure period (as set forth in Section 5(B) below), any remaining balance of the Settlement Amount shall be accelerated and become immediately due to Plaintiffs plus liquidated damages in an amount of Eight Thousand Dollars ($8,000.00). Defendants agree to

deliver the fully executed and notarized original Confession of Judgment contemporaneously with Defendants' execution of this Agreement to Braverman Law PC. Braverman Law PC will hold said Confession of Judgment in escrow and will only file it if Defendants fail to comply with the payment of any part of the Settlement Payment, as set forth in Section 4 above, and Defendants have not cured any such failure as set forth in Section 5(B) below. Upon receipt of all of the payments of the Settlement Payment, as set forth in Section 4 above, Braverman Law PC shall destroy Defendants' Confession of Judgment.

  B. If Defendants fail to timely make any of the payments described above, in Section, or if any payment check fails to clear (i.e., bounces) on its respective payment date, Plaintiff's counsel shall provide, by e-mail, a notice to cure to Defendants' counsel, Adam Sherman, Esq. (adamsherman.esq@nycrg.com and adamsherman33@gmail.com). Defendants shall cure the default within fifteen (15) days from and including the date on which the notice was sent. If the default is not cured within the fifteen (15)-day period, any outstanding balance of the Settlement Payment specified in Section 4 will be accelerated and become due immediately and Plaintiff shall have the unqualified right to enter or file the Confession of Judgment, as set forth in Exhibit A, against Defendants in the United States District Court for the Southern District of New York, or other court with jurisdiction or Clerk's Office, for the amounts set forth in the Confession of Judgment. In addition, Defendants shall be liable to the Plaintiff for his reasonable attorneys' fees in regard to the enforcement of this Agreement and the collection of monies due thereafter.

  6. Plaintiff's Releases of Wage and Hour Claims. In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants'

obligations under this Agreement, Plaintiff hereby waived, releases, satisfies, and discharges, on his own behalf and on behalf of anyone who could claim by and through him, Defendants, including their predecessors, successors, agents, owners, and assigns (collectively, the "Releasees"), of and from any and all claims for damages, salaries, wages, compensation, spread-of-hours pay, statutory damages, minimum wage and overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, and other damages, interest, attorneys' fees, and costs, for any claim brought, or that could have been brought, under the Fair Labor Standards Act ("FLSA"), the New York Labor Law, the Wage Theft Prevention Act, and / or any local, state, or federal wage statute, code, or ordinance, including, but not limited to, the New York State Hospitality Wage Order, 12 N.Y.C.R.R. Part 146, relating to wage and hour claims raised, or that could have been raised, in the Federal Action.

7. <u>No Charges Exist and No Charges Will be Filed for Released Claims</u>. Plaintiff represents that, other than the Federal Action, he does not currently have pending before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign) any dispute of any kind against the Releasees. Plaintiff agrees that any claim that is brought for claims released by this Agreement, will be automatically dismissed, and the Releasees will be entitled to reasonable costs and reasonable attorneys' fees incurred in defending against any such claims/charges.

8. <u>Attorneys' Fees and Costs</u>. It is agreed that each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Federal Action, except as otherwise specifically set forth herein.

9. <u>Voluntary Settlement</u>. Plaintiff hereby represents and warrants that he has entered into this Agreement of his own free will and accord and believes that it represents a fair and

reasonable compromise.

10.     No Other Representations or Agreements. Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, or representatives to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement between the Parties.

11.     No Modification Except in Writing. This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

12.     Execution in Counterparts and by Fax, .pdf or Other Electronic Format. This Agreement may be executed in counterpart by each party and all executed copies of the Agreement, when taken together, shall constitute a complete Agreement. A facsimile, .pdf or other electronic format version of this Agreement originally executed shall be accepted and enforceable as if it was an original.

13.     Retention of Jurisdiction. The United States District Court for the [Southern] District of New York shall retain jurisdiction over the Federal Action for purposes of enforcing the terms of this Agreement.

14.     Reconocimiento en Espanol (Spanish Acknowledgment). El Demandante declara que su idioma principal es el español y que el abogado del Demandante, Braverman Law PC, ha revisado todos los términos de este Acuerdo con él en español. El Demandante ha entendido completamente todos los términos de este Acuerdo y voluntariamente los acepta al firmar a continuación. (Plaintiff represents that his primary language is Spanish and that Plaintiff's counsel, Braverman Law PC, has reviewed all terms of this Agreement with him in Spanish. Plaintiff has fully understood all terms of this Agreement and voluntarily accepts them by

signing below.)

15. <u>General Acknowledgments of Plaintiff</u>. Plaintiff understands, represents, and agrees that he:

(A) Has carefully read and fully understood all of the provisions of this Agreement;

(B) Has had all of the terms of this Agreement translated into, and explained to him in, Spanish, his native language, by counsel;

(C) Is, through this Agreement, releasing Defendants from any and all possible wage and hour claims that Plaintiff may have against them, including the claims in the Federal Action;

(D) Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

(E) Knowingly and voluntarily intends to be legally bound by this Agreement;

(F) Was advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and

(G) Is duly authorized and have full authority to execute this Agreement.

[Signature Page To Follow.]

IN WITNESS WHEREOF, the Parties hereto, by their duly authorized representatives, have executed this Agreement as of the day and year first above written.

**Plaintiff:**                                              **Defendants:**

_____                                   Bkuk Corporation
Yovani Sanchez Gomez
                                                            By: _____
                                                            Name:
                                                            Title:


                                                            _____
                                                            Besim Kukuaj


                                                            _____
                                                            Luan Kukuaj


                                                            _____
                                                            Adrian Lazo

IN WITNESS WHEREOF, the Parties hereto, by their duly authorized representatives, have executed this Agreement as of the day and year first above written.

**Plaintiff:**                                **Defendants:**

                                              Bkuk Corporation
                                              By: _____
_____                Name:  BESIM KUKAJ
Yovani Sanchez Gomez                          Title:  President

                                              _____
                                              Besim Kukuaj

                                              _____
                                              Luan Kuluaj

                                              _____
                                              Adrian Lazo